Honorable Karen A. Overstreet
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>BRYAN DAVID MIZE and<br>REBECCA CORWIN MIZE,<br><br>                Debtors.<br>_____<br><br>UNITED STATES TRUSTEE,<br><br>                Plaintiff,<br><br>    v.<br><br>BRYAN DAVID MIZE,<br><br>                Defendant. | Case No. 10-16354<br><br>Adversary No.<br><br>COMPLAINT TO DENY DISCHARGE<br>OF DEBTOR BRYAN DAVID MIZE |

The United States Trustee, for claims against defendant Bryan David Mize (the "Defendant"), asserts and alleges as follows:

**PARTIES**

1. The plaintiff is the United States Trustee for Region 18, which includes the Western District of Washington. The United States Trustee has standing to bring this action under 11 U.S.C. §§ 307 and 727(c)(1).

2. The Defendant is a co-debtor in the above-captioned chapter 7 bankruptcy case.

COMPLAINT TO DENY DISCHARGE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 1 of 8

## JURISDICTION AND VENUE

3. This is an adversary proceeding to deny the Defendant's discharge, brought pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

6. The Defendant is a licensed real estate broker with the State of Washington.

7. In March 2010, the Defendant entered into a series of contracts with Lawful Foreclosure Forensics, an entity doing business in Texas (the "Foreclosure Delay Agreements" with "LFF").

8. Starting in February 2010, the Defendant paid LFF a total of at least $12,500 relating to the Foreclosure Delay Agreements (the "LLF Transfers").

9. The Foreclosure Delay Agreements gave the Defendant access to various forms and information relating to how to cloud title on real property for the purpose of delaying or avoiding foreclosures by secured parties.

10. In May 2010, the Defendant recorded a Quitclaim Deed that purports to transfer his interest in real property located at 22212 39th Avenue W, Mountlake Terrace, WA 98043 (the "Mountlake Terrace Property") to the Cedar Way Trust (the "Mountlake Terrace Property Transfer").

11. The Defendant created the Cedar Way Trust in conformance with the information and process provided by LFF to delay foreclosures.

12. In conjunction with the Mountlake Terrace Property Transfer, the Defendant caused a Promissory Note in the amount of $65,426 to be signed by Jeffrey Dwyer as Trustee of Cedar Way Trust for the benefit of Nationwide Lending, LLC ("Nationwide").

13. The Defendant caused a Deed of Trust against the Mountlake Terrace Property to be prepared that purported to secure the Promissory Note to Nationwide.

COMPLAINT TO DENY DISCHARGE - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 2 of 8

14. Nationwide never loaned any money to the Cedar Way Trust, and the Promissory Note and the Deed of Trust were sham transactions designed to cloud the title of the Mountlake Terrace Property and thereby delay any legitimate foreclosure.

15. In May 2010, the Defendant recorded a Quitclaim Deed that purports to transfer his interest in real property located at 5622 202 Street SW, Lynnwood, WA 98036 (the "Lynnwood Property") to the 5622 Treehouse Trust (the "Lynnwood Property Transfer").

16. The Defendant created the 5622 Treehouse Trust in conformance with the information and process provided by LFF to delay foreclosures.

17. In conjunction with the Lynnwood Property Transfer, the Defendant caused a Promissory Note in the amount of $61,107 to be signed by Jeffrey Dwyer as Trustee of 5622 Treehouse Trust for the benefit of Nationwide Lending, LLC ("Nationwide").

18. The Defendant caused a Deed of Trust against the Lynnwood Property to be prepared that purported to secure the Promissory Note to Nationwide.

19. Nationwide never loaned any money to the 5622 Treehouse Trust, and the Promissory Note and the Deed of Trust were sham transactions designed to cloud the title of the Lynnwood Property and thereby delay any legitimate foreclosure.

20. On June 2, 2010 (the "Petition Date"), the Defendant filed a voluntary chapter 7 petition (the "Petition") in the Western District of Washington, case no. 10-16354 (the "Chapter 7 Case").

21. Rebecca Corwin Mize ("Corwin") is listed on the Petition as a co-debtor spouse.

22. The Defendant and Corwin have been divorced for at least four years, and Corwin's legal name on the Petition Date was Rebecca Corwin.

23. In conjunction with the Chapter 7 Case, the Defendant filed schedules of assets and liabilities (each a "Schedule" and collectively, the "Schedules"), and a statement of financial affairs (the "SOFA").

24. The Defendant, and not Corwin, was primarily if not solely responsible for the preparation, finalization, and filing of the Schedules and SOFA.

COMPLAINT TO DENY DISCHARGE - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 3 of 8

25. The Defendant signed the Schedules and SOFA under penalty of perjury as being true and correct.

26. Peter Arkison was appointed as the chapter 7 trustee in the Chapter 7 Case (the "Trustee").

27. An initial meeting of creditors was held in the Chapter 7 Case on July 6, 2010, and was continued without testimony at the request of the Defendant so that amendments to the Schedules and SOFA could be filed to capture missing information.

28. At the time the continued Creditors' Meeting was held and concluded on July 27, 2010 (the "Continued Creditors' Meeting"), no amendments to the Schedules and SOFA had been filed.

29. As of the date of this Complaint, no amendments to the Schedules and SOFA have been filed.

30. The Mountlake Terrace Property Transfer is not disclosed on the SOFA, and it was not disclosed at the Continued Creditors' Meeting.

31. The Defendant's interest in the Cedar Way Trust is not disclosed on the Schedules or the SOFA, and that interest was not disclosed at the Continued Creditors' Meeting.

32. As of the Petition Date, the Cedar Way Trust had not reconveyed the Mountlake Terrace Property back to the Defendant.

33. Schedule A lists the Defendant as owner of the Mountlake Terrace Property, without any mention of the prepetition transfer to the Cedar Way Trust or the interest the Cedar Way Trust may have in the Mountlake Terrace Property.

34. The Lynnwood Property Transfer is not disclosed on the SOFA, and it was not disclosed at the Continued Creditors' Meeting..

35. The Defendant's interest in the 5622 Treehouse Trust is not disclosed on the Schedules or the SOFA, and that interest was not disclosed at the Continued Creditors' Meeting.

36. As of the Petition Date, the 5622 Treehouse Trust had not reconveyed the Lynnwood Property back to the Defendant.

COMPLAINT TO DENY DISCHARGE - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 4 of 8

37. Schedule A lists the Defendant as owner of the Lynnwood Property, without any mention of the prepetition transfer to the 5622 Treehouse Trust or the interest the 5622 Treehouse Trust may have in the Mountlake Terrace Property.

38. The LLF Transfers are not disclosed on the SOFA, and they were not disclosed at the Continued Creditors' Meeting.

39. The Defendant transferred approximately $128,000 within the two years prior to the Petition Date to Bay Homes LLC (or its agents) (the "Bay Homes Transfers") relating to real estate investments for real property development on five lots in the State of Mississippi (the "Mississippi Investment").

40. The Bay Homes Transfers are not disclosed on the SOFA.

41. The Defendant may have potential claims against Bay Homes LLC or others relating to the Mississippi Investment (the "Potential Claims").

42. The Potential Claims are not disclosed in the Schedules or SOFA.

43. The Defendant had one or more bank accounts open on the Petition Date, or that were closed within one year of the Petition Date, that were not disclosed on the Schedules or SOFA (the "Defendant's Undisclosed Accounts").

44. Corwin had one or more bank accounts open on the Petition Date that were not disclosed on the Schedules ("Corwin's Undisclosed Accounts").

45. On the Petition Date, the Defendant knew or should have known about Corwin's Undisclosed Accounts as part of his role of obtaining information for preparation and finalization of the Schedules.

46. The Defendant failed to disclose his gross income for 2008 and 2009, and Corwin's gross income for 2008 and 2009, as required by SOFA question nos. 1 and 2.

47. On the Petition Date, the Defendant knew or should have known as part of his role of obtaining information for preparation of the Schedules that Corwin owned certain stocks (the "Stocks").

48. The Stocks were not disclosed on the Schedules.

COMPLAINT TO DENY DISCHARGE - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

49. The Stocks were sold after the Petition Date for approximately $3,900 (the "Stock Proceeds") without the knowledge or consent of the Trustee.

50. The Stock Proceeds were spent without the knowledge or consent of the Trustee, and without Court authority.

51. Corwin was one of two members of Powerwaves, LLC, until she transferred her interest to the other member on or about December 29, 2009 (the "LLC Transfer").

52. On the Petition Date, the Defendant knew or should have known about Corwin's prior interest in Powerwaves, LLC and about the LLC Transfer as part of his role of obtaining information for preparation and finalization of the Schedules.

53. Corwin's involvement with Powerwaves, LLC and the LLC Transfer are not disclosed in the SOFA.

### FIRST CLAIM FOR RELIEF
### 11 U.S.C. § 727(a)(2)
### (Concealment or Transfer of Assets)

54. Paragraphs 6 through 53 are hereby incorporated.

55. The Defendant, with intent to hinder, delay, or defraud a creditor or the Trustee concealed and/or transferred assets within one year before the date of the filing of the petition including, without limitation:

    a. the LLF Transfers;

    b. the Mountlake Terrace Property Transfer;

    c. the Lynnwood Property Transfer; and

    d. the Bay Homes Transfers.

### SECOND CLAIM FOR RELIEF
### 11 U.S.C. § 727(a)(4)
### (False Oaths or Accounts)

56. Paragraphs 6 through 53 are hereby incorporated.

COMPLAINT TO DENY DISCHARGE - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 6 of 8

57. The Defendant knowingly failed to disclose in the Schedules and/or SOFA at least the following:

   a. the LLF Transfers;
   b. the Mountlake Terrace Property Transfer;
   c. the existence of, and the Defendant's interest in, the Cedar Way Trust;
   d. the legal or beneficial interest of the Cedar Way Trust in the Mountlake Terrace Property;
   e. the Lynnwood Property Transfer;
   f. the existence of, and the Defendant's interest in, the 5622 Treehouse Trust;
   g. the legal or beneficial interest of the 5622 Treehouse Trust in the Lynnwood Property;
   h. the Potential Claims;
   i. the Defendant's Undisclosed Accounts;
   j. Corwin's Undisclosed Accounts;
   k. the Defendant's and Corwin's gross income in 2008 and 2009; and
   l. the Stocks;
   m. the LLC Transfer; and
   n. Corwin's prepetition ownership of Powerwaves, LLC.

58. The Defendant did not disclose any of the errors and omissions in the Schedules and SOFA to the Trustee at the Continued Creditors' Meeting.

59. The false oaths set forth above relate to material facts.

60. The false oaths set forth above were made with fraudulent intent.

61. The false oaths set forth above were made in or in connection with the case.

COMPLAINT TO DENY DISCHARGE - 7

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 7 of 8

1     WHEREFORE, the United States Trustee prays for relief as follows:

2     A.    That the Court enter a judgment denying the discharge of the Defendant pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4); and

    B.    For such other and further relief as the Court deems just and equitable.

DATED this 6th day of October, 2010.

    Respectfully submitted,

    ROBERT D. MILLER JR.
    United States Trustee

    By:     /s/ Martin L. Smith
            Martin L. Smith, WSBA #24861
            Attorney for United States Trustee

COMPLAINT TO DENY DISCHARGE - 8

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 10-01603-KAO    Doc 1    Filed 10/06/10    Entered 10/06/10 15:35:48    Page 8 of 8